CHARLES E. HOPKINS, App't., *vs.* COMMISSIONERS OF SHELL FISHERIES.

PROVIDENCE—FEBRUARY 3, 1904.

PRESENT: Tillinghast, Douglas, and Blodgett, JJ.

(1)  *Shell Fish Commissioners.  Appeal.  Judgments.*

The decision of the Common Pleas Division under Pub. Laws cap. 853, §§ 15, 17, upon appeal from the shell-fish commissioners taken to said division, is final and conclusive.  A petition for new trial after such decision cannot be entertained.

PETITION for new trial from decision of Common Pleas Division, upon appeal from decision of shell-fish commissioners. Petition denied.

TILLINGHAST, J.    This is a petition for a new trial by the appellant, on the ground that the decision rendered by Mr. Justice Dubois in the case, when it was before him on appeal from the doings of the shell-fish commissioners, was erroneous and ought to be reversed.

The ground upon which the appellant based his appeal from the doings of the shell-fish commissioners in the premises was that they wrongfully and unlawfully refused to lease to him the forty acres of oyster land delineated on certain plats on file in the office of the commissioners, and particularly descirbed in the reasons of appeal, he being the first applicant

therefor, but that they would only lease to him thirteen and two-tenths acres of said land, which he refused to accept.

Upon trial of the case upon the facts and the law, before Mr. Justice Dubois, the appeal was dismissed and decision rendered for appellees for their costs.

The right of appeal in cases of this sort is given by Pub. Laws R. I. cap. 853, § 15, which reads as follows: "Any person aggrieved by the decision of the commissioners upon any application for a private or several oyster ground or oyster fishery may petition the Common Pleas Division of the Supreme Court within and for the county nearest to which said land so applied for lies for a reversal or modification of such decision in like manner and with the same procedure, excepting where a different procedure is provided in this act, as prescribed in sections 15 and 16 of chapter 46 in the case of petition for relief for over-assessment for taxes."

Section 17 provides that: "Such case shall be heard and tried in the same manner as other cases entered upon the docket of said court, and the judgment of the court (which shall be entered immediately upon the rendition of decision or verdict) shall be conclusive upon the question whether said land shall or shall not be leased, and the commissioners shall grant or refuse a lease accordingly."

(1)    In view of these provisions of the statute, counsel for the appellees contends that this petition for a new trial should be denied, because no appeal lies from the decision rendered by Mr. Justice Dubois, and that he should have entered judgment forthwith in favor of the appellees.

We think it is clear that this position is well taken. The language of the statute is plain and unambiguous, and we can only give force and effect thereto by holding that the judgment of the court, on appeal, is final and conclusive.

The method of procedure which the statute prescribes in cases of this sort is the same as that which is prescribed in proceedings for relief from over-assessment of taxes by Gen. Laws R. I. cap. 46, §§ 15 and 16, "*excepting where a different procedure is provided in this act.*"

Under those provisions, standing alone, the case would be

subject to all the incidents applicable to an action at law originally commenced in the Common Pleas Division, amongst which is the right of either party to petition for a new trial after decision by a single justice in jury-trial-waived cases. Pub. Laws R. I. cap. 451, § 3. But, as already seen, said provisions prescribing the method of procedure in over-assessment cases do not stand alone in their application to cases of this sort, but are so modified by section 17 of the act before us as to prevent any further proceedings after the rendition of decision or verdict in the case, the statute providing that the judgment of the court shall be entered immediately upon the rendition of such decision or verdict and shall be conclusive upon the question whether said land shall or shall not be leased. The case having proceeded to decision, therefore, nothing remains but for the justice who rendered the same to enter judgment thereon.

In this connection it is pertinent to remark that both the right and the remedy in all cases arising under the chapter before us are mere creatures of the statute. And in such cases the remedy given is the only one which can be pursued, and it can only be pursued in the manner prescribed by the statute.

As the case is not properly before us, the petition for a new trial must be denied and dismissed.

*Harry C. Curtis,* for appellant.

*William B. Greenough and James C. Collins, Jr.,* for appellees.